# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL SINDRAM | * | |
| Petitioner | * | |
| v. | * | Civil Action No. DKC-11-3045 |
| U.S.A. | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Error Coram Nobis was filed on October 20, 2011. ECF No. 1. No filing fee or motion to waive the fee accompanied the self-represented pleading.

**Background**

On March 16, 1990, Judge Frederic N. Smalkin of this court entered an order establishing a pre-filing review procedure for all future actions Sindram might attempt to bring in this court. *See Sindram v. Wallin*, Civil Action No. S-90-800 (D. Md.). The procedure is relatively straightforward. It directs the Clerk not to accept for filing actions brought by Sindram unless a judge or magistrate of the court certifies that the Complaint or other paper is filed in good faith and not for any improper purpose, and that it has a colorable basis in law and fact.[1]

In the pending petition Sindram asserts that he is a disabled Veteran who was convicted of four counts of mail misuse. He states his trial attorney failed to bring forth material witnesses

---

[1] Sindram's appellate challenge to this pre-filing review procedure was dismissed by the Fourth Circuit. *See Sindram v. Wallin*, 905 F.2d 1531, 1990 WL 74258 (4th Cir. May 18, 1990). His requests to vacate Judge Smalkin's pre-filing order were denied by this Court in 2004 and 2005 and affirmed by the Fourth Circuit. *See Sindram v. Wallin*, 126 Fed. Appx. 122, 2005 WL 900156 (4th Cir. April 19, 2005). Sindram attaches a decision from the Fourth Circuit Court of Appeals which overturns a pre-filing injunction in the United States District Court for the Eastern District of Virginia. ECF No. 1 at Attachment. That decision does not address the pre-filing injunction in place in this court, which remains in effect despite the fact it was entered more than twenty years ago.

who would have exonerated him of criminal wrongdoing and failed to press the government for exculpatory evidence that would have cleared him of the charges. He states at the time of the alleged offense he had been authorized by Postmaster Jack Duschane to receive goods at a post office box in Maryland registered under a name not his own. Sindram further alleges that Duschane purchased the same goods from him and provided priority delivery of the goods for Sindram; he also claims he kept all invoices for the goods received. ECF No. 1 at p. 1.

Sindram further alleges that trial counsel was deficient in failing to raise a claim that the criminal case involved "selective/vindictive" prosecution which has served to disqualify him from gainful employment. Finally, he claims that property seized by law enforcement which was not fruit of a criminal enterprise was never returned to him. *Id.*

## Standard of Review

A writ of error coram nobis is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. *See* 28 U.S.C. § 1651 (2006); *Morgan*, 346 U.S. at 512-13. Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). This extraordinary writ is used where "no other remedy may be available," and an "error of the most fundamental character" must have occurred. *United States v. Mandel*, 862 F.2d, 1067, 1075 (4th Cir. 1988). Coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. *Id.* The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case

today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Bazuaye*, 399 Fed. Appx. 822, 2010 W.L. 4366456, * 1 (4th Cir. 2010) (unpublished), citing *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987). "[A] court reviewing a petition for writ of coram nobis to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner." *Hanan v. U.S.*, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005), *citing Morgan*, 346 U. S. at 512.

**Analysis**

The criminal case referenced is *United States v. Sindram*, Criminal No. DKC-96-111 (D. Md.). On December 30, 1996, Sindram was sentenced to serve 41 months imprisonment and to pay a fine of $25,000 for mail fraud. *Id*. at Docket 73. He is no longer serving the sentence. Sindram filed a direct appeal in the case, resulting in a February 19, 1998 decision by the Fourth Circuit Court of Appeals affirming the conviction. *Id*. at Docket 84. A Motion to Vacate pursuant to 28 U.S.C. §2255 was filed on August 19, 1998, and was denied on August 26, 1998. *Id*. at Docket 88 and 89. A second Motion to Vacate was filed January 28, 2004, and was dismissed as successive on February 19, 2004. Docket 149, 151 and 152.

The basis for the allegations raised in the Petition for Writ of Error Coram Nobis has been known to Sindram since the time of his trial. The errors alleged, however, do not amount to a fundamental defect in the conviction such as deprivation of counsel, *see Morgan,* 346 U.S. at 512, or a coerced guilty plea, *see United States v. Keogh*, 391 F. 2d 138, 148 (2nd Cir. 1968). He

3

does not assert a retroactive change in the law, nor does he explain why any of the claims he now raises could not have been raised previously. The only ongoing consequence alleged is difficulty in obtaining employment. Unlike immigration deportation which is a consequence directly traceable to a criminal conviction, difficulties with obtaining or maintaining employment may be attributable to any number of factors, including the state of the economy.

With respect to the property seized at the time of Sindram's arrest, the matter was previously litigated in the context of the criminal case. *United States v. Sindram*, Criminal No. DKC-96-111 at Dockets 90, 92, 93, 94, 95, 98, 100, 101, and 103.

Sindram has not presented a claim which has a colorable basis in law. The petition shall be denied by separate order which follows.


Date:   November 7, 2011                                      /s/
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge